UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GARY E. BRENNAN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>HSBC MORTGAGE CORPORATION (USA),<br><br>      Defendant. | No. _____<br><br>**COMPLAINT** |

Plaintiff Gary E. Brennan, by his attorneys, Morgan & Morgan and Meiselman, Packman, Nealon, Scialabba & Baker P.C., as and for his Class Action Complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

1. This action seeks to redress Defendant HSBC Mortgage Corporation's (USA) ("HSBC") unlawful and systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2. N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 unambiguously require that mortgagees like Defendant present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a mortgage. The statute provides that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

### Jurisdiction And Venue

3. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 Class members, and the amount in controversy is in excess of $5 million.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant does business in Florida and in this District.

### Parties

5. Plaintiff Brennan resides in Delray Beach, Florida.

6. Defendant HSBC Mortgage Corporation (USA) is a Delaware corporation whose principle place of business is in Depew, New York.  HSBC is one of the largest mortgage lenders in the United States.

### Operative Facts

7. As an unfortunate consequence of lax regulation and the consolidation of the banking industry, banks have been able to increase their profits by handling high volumes of mortgages while failing to invest the necessary resources to comply with applicable laws or provide conscientious service to their customers.  As a result, Defendant frequently fails to comply with its obligation to timely file mortgage satisfactions.  Indeed, Defendant often files mortgage satisfactions months, if not years, after they are due, and sometimes not at all.

8. This is no mere procedural peccadillo.  Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions.  However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to

timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State.  The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

9. To avoid these very problems, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose a progressively higher liability upon mortgagees in favor of mortgagors where the mortgage satisfaction is not timely presented for recording.  The Legislature set such liabilities at $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days.

10. Mr. Brennan obtained a mortgage from HSBC (formerly known as Marine Midland Mortgage Corporation) on a home located at 99 Alexander Avenue in White Plains, N.Y.  At the time Mr. Brennan satisfied his mortgage, HSBC was the mortgagee with respect to Plaintiff's mortgage.  See Exhibit 1.

11. On or about May 30, 2012, Mr. Brennan sold the White Plains property to James and Sherry Bannister.  See Exhibit 2.  On that date, Mr. Brennan used the proceeds of that sale to satisfy the mortgage held by HSBC.

12. The Satisfaction of Mortgage was not recorded until July 31, 2012, 62 days after Mr. Brennan actually satisfied the mortgage.  Michael Peter, an HSBC assistant vice president, signed the certificate of discharge on July 2, 2012, 33 days after the mortgage had been satisfied. See Exhibit 1.

13. Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was recorded 62 days after the discharge date.

14. Defendant also failed to arrange to have a certificate of discharge presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced as evidenced by the fact that the Satisfaction of Mortgage was recorded 62 days after the discharge date, and by the fact that Defendant's officer Michael Peter did not even sign the Satisfaction of Mortgage until 33 days after the discharge date.

15. Mr. Brennan is not alone. In fact, based on a review of Westchester county records, Defendant routinely fails to timely file mortgage satisfaction.

16. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

## Class Action Allegations

17. Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All persons who were the mortgagor party to a mortgage for which Defendant was the mortgagee[s] that was secured by real property located in New York State for which the principle, interest and all other amounts due or otherwise owed was completely paid after February 25, 2008 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant have or had a controlling interest, or which Defendant otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

18. This action is brought as a class action for the following reasons:

   a. The Class consists of thousands, if not tens of thousands, of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

        i.       whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage;

        ii.      whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and

        iii.     whether Defendant violated N.Y. Real Prop. Law § 275;

c.     The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation;

e.     Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

f.     Defendant has acted on grounds that apply generally to the Class, namely failing to ensure that satisfactions of mortgages are timely presented; and

g.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

        i.       Absent a class action, Class members as a practical matter will be unable to obtain redress and Defendant's violations of their legal obligations will continue without remedy;

        ii.      It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

        iii.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

   iv.  A class action will permit an orderly and expeditious administration of Class claims and foster economies of time, effort, and expense;

   v.  The lawsuit presents no difficulties that would impede its management by the Court as a class action, particularly as Defendant can identify all Class members using its computerized records; and

   vi.  Defendant has acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Acts. Law § 1921)

19. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-18 above as if fully set forth herein.

20. N.Y. Real Prop. Acts. Law § 1921 provides that:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

21. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Acts. Law § 1921.

22.     By reason of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law § 1921.   Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Law § 275)

23.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-18 above as if fully set forth herein.

24.     N.Y. Real Prop. Law § 275 provides that:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

25.     Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

26.     By reason of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.      Certifying this action as a class action, with a Class as defined above;

2.On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

3.On Plaintiff's Second Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

4.Awarding Plaintiff and the Class attorneys' fees and costs; and

5.Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:February 28, 2014
Tampa, FloridaRespectfully submitted,

By: s/ J. Andrew Meyer
J. Andrew Meyer, Esq. (Florida Bar No. 0056766)
E-mail: ameyer@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Fax: (813) 222-4787

**MEISELMAN, PACKMAN,**
**NEALON, SCIALABBA & BAKER P.C.**
D. Greg Blankinship (*pro hac vice application to be filed*)
Shin Y. Hahn (*pro hac vice application to be filed*)
1311 Mamaroneck Avenue
White Plains, New York 10605

Tel: (914) 517-5000
Fax: (914) 517-5055

*Attorneys for Plaintiff Gary E. Brennan*